UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | | |
|---|---|---|---|
| FRANKIE FORD, | ) | | |
| | ) | | |
| *Plaintiff*, | ) | | |
| v. | ) | No. | 1:08-cv-41 |
| | ) | | *Mattice/Lee* |
| DON BROCK, WARDEN MORROW, DEPUTY | ) | | |
| WARDEN ANDREW LEWIS, GRIEVANCE | ) | | |
| CHAIRPERSON HIGDON, IRC FISHER, | ) | | |
| C.O. KAREN KROGMAN, LT. ROY HIXON, | ) | | |
| C.O. BURNS; | ) | | |
| | ) | | |
| *Defendants*. | ) | | |

## **MEMORANDUM AND ORDER**

Frankie Ford ("Ford") has filed a *pro se* prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983. Ford claims he fell when he slipped in a puddle of water caused by the leaking sink in his jail cell (Court File No. 3). Ford seeks monetary relief against Defendants and requests that the "employees of the maintenance department involved in this incident" be fired (Court File No. 3). However, no service shall issue and this complaint will be **DISMISSED**(Court File No. 1). The dismissal of the complaint necessarily also requires the dismissal of Ford's motions to appoint counsel (Court File No. 4); motion for service of process (Court File No. 5); motion to compel (Court File No. 6); motion to amend service (Court File No. 7); motion to amend and add defendants (Court File No. 8); motion for a speedy trial (Court File No. 11); motion to amend and add defendants (Court File No. 12); and motion for jury trial (court File No. 13).

**I.     APPLICATION TO PROCEED *IN FORMA PAUPERIS***

It appears from the application to proceed *in forma pauperis* submitted by Ford that he lacks sufficient financial resources at the present time to pay the required filing fee of

$350.00. Ford is not, however, relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Ford is an inmate or prisoner in custody at Southeastern Tennessee State Regional Correctional Facility in Pikeville, Tennessee, he is **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915, and shall pay such fee.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Ford's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 900 Georgia Ave., Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

> (a) twenty percent (20%) of the average monthly deposits to Ford's inmate trust account; or
>
> (b) twenty percent (20%) of the average monthly balance in Ford's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Ford's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. §1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court will be **DIRECTED** to send a copy of this Memorandum and Order to the Warden and custodian of inmate accounts at Southeastern Tennessee State Regional Correctional Facility, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of Ford's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Ford will collect the filing fee as funds become available. This order will become a part of inmate Ford's file and follow the inmate if he is transferred to another institution. The agency having custody of Ford will continue to collect monthly payments from his prisoner account until the entire filing fee of $350.00 is paid.

Ford will be **ORDERED** to notify this Court of any change of address if he is transferred to another institution, and to provide the prison officials at any new institution with a copy of this order. Failure of Ford to notify this Court of an address change within ten (10) days following any change of address and/or failure to notify the new prison officials of this order and outstanding debt will result in the imposition of appropriate sanctions against him without any additional notice or hearing by the Court.

## II. STANDARD OF REVIEW

*Pro se* pleadings filed in civil rights cases are to be liberally construed and are held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). *Pro se* status does not, however, exempt the plaintiff from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing*

*Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties*, 55 F.3d at 1103-04; *Allard v. Weitzman* (*In re DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard*, 76 F.3d at 726; *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Lillard*, 76 F.3d at 726 (citations omitted).

The Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Furthermore, 28 U.S.C. § 1915(e)(2) provides that the Court must dismiss a case at any time that the Court may determine is frivolous or fails to state a claim upon which relief can be granted.

### A. Screening Pursuant to 28 U.S.C. §§ 1915A and 1915(e)

When screening a prisoner complaint, a district court must examine both § 1915(e)(2) and § 1915A. If the civil action seeks redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief. 28 U.S.C. § 1915A. Should the complaint contain any allegations that do not fall within § 1915A, the district court must then examine the complaint under § 1915(e)(2). The requirements of §1915(e)(2) overlap the criteria of § 1915A. Section 1915A is restricted to prisoners who sue government

> entities, officers, or employees. In contrast, § 1915(e)(2) is restricted neither to actions brought by prisoners, nor to cases involving government defendants. Further, § 1915A is applicable at the initial stage of the litigation, while § 1915(e)(2) is applicable throughout the entire litigation process. A case that may not initially appear to meet §1915(e)(2) may be dismissed at a future date should it become apparent that the case satisfies this section. Thus, in prisoner cases, the district court must first examine a complaint under § 1915A and then review the complaint under § 1915(e)(2) before the case can proceed in due course. A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners. The dismissal of a complaint under §1915(e)(2) or § 1915A does not negate a prisoner's obligation to pay the filing fee in accordance with § 1915(b)(1)- (2). *See In re Tyler*, 110 F.3d 528, 529-30 (1997). We make it explicit: a court's responsibility under the Prison Litigation Act is to first examine the financial status of a prisoner and make the assessment of fees. After the fees have been assessed, the merits of a complaint or appeal may be reviewed. Our mandate, however, does not prevent a district court from making the fee assessment and conducting the screening process in the same opinion or order.

*McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

## III.   FACTS

Ford claims he slipped "in a puddle of water caused by a leaking sink in [his] cell" while being served lunch on June 21, 2007. (Court File No. 3). Ford contends he, his cellmate, and several guards had requested that the leaking sink be repaired, but maintenance failed to make the requested repair. Ford claims he received unidentified injuries which required several months of unidentified medical treatment (Court File No. 3). Ford requests a financial judgment in addition to the firing of the employees involved in this incident.

## III. ANALYSIS

### A. 42 U.S.C. § 1983

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155-156 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). To maintain a cause of action for damages under 42 U.S.C. § 1983, a plaintiff must also allege the defendant caused the plaintiff an injury and show actual damages. *See Carey v. Piphus*, 435 U.S. 247, 255 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997); *Zehner v. Trigg*, 952 F.Supp. 1318, 1321 (S.D. Ind.), *aff'd* 133 F3d 459 (7th Cir. 1997). Although the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts underlying the claim, the plaintiff must provide sufficient allegations to give defendants fair notice of the claims against them. *Leatherman v. Tarrant County Narcotic Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). To state a § 1983 claim, Ford must allege sufficient facts that, if true, would establish he incurred an injury when the defendants deprived him of a right secured by the Constitution of the United States while they acted under color of law. *See Brock*, 94 F.3d at 244.

Ford alleges that he slipped in a puddle of water caused by a leaking sink that jail personnel negligently failed to repair. Because of their negligence, he slipped on the slippery surface of his cell. Ford's factual allegations show only that these defendants were aware of plumbing leaks; they do not show that these defendants acted with deliberate indifference to a substantial risk of serious harm. Allegations of mere

negligence fail to state a constitutional claim. *Daniels v. Williams*, 474 U.S. 327 (1986); *Mackey v. Dyke*, 29 F.3d 1086, 1092 (6th Cir. 1994). Ford has failed to allege the violation of a federal constitutional right, as a claim of negligence is not actionable under 42 U.S.C. § 1983. This claim lacks an arguable legal basis and will be **DISMISSED** as frivolous. However, assuming *arguendo* that he has stated a sufficient claim under 42 U.S.C. § 1983, it would be dismissed in any event, as explained below.

### B. Identity of Defendants

Ford has failed to identify in what capacity he has sued the Defendants. The complaint does not indicate whether Defendants are being sued in their official capacity, individual capacity, or both.

A suit brought against a public, government official will not be construed as seeking damages against the defendant in his individual capacity unless such a claim for individual liability is clearly and definitely set forth in the pleading. *Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir.), *cert. denied*, 515 U.S. 1116 (1995); *Thiokol Corp. v. Department of Treasury, State of Mich., Revenue Div.,* 987 F.2d 376, 383 (6th Cir. 1993); *Lovelace v. O'Hara*, 985 F.2d 847, 850 (6th Cir. 1993); *Hardin v. Straub*, 954 F.2d 1193, 1199-1200 (6th Cir. 1992); *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989); *Johnson v. Turner*, 855 F. Supp. 228, 231 (W.D. Tenn. 1994), *aff'd*, 125 F.3d 324 (6th Cir. 1997). Generally, absent any express indication the defendant is being sued in his individual capacity, the Court must assume he is being sued only in his official capacity as an employee of the governmental entity. *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir.), *cert. denied*, 502 U.S. 883 (1991); *Wells*, 891 F.2d at 593-94.

Although it is preferable that plaintiffs explicitly state whether a defendant is sued in his or her individual capacity, the failure to do so is not fatal if the complaint or other filed documents provide sufficient notice to the defendant that he is being sued as an individual. In *Moore v. City of Harriman*, 272 F.3d 769 (6th Cir. 2001), the caption on *Moore's* complaint listed the officers' names, not their official titles; the complaint referred to the officers throughout as the "individual defendants;" the complaint identified the officers as "acting for themselves and for the City . . .;" and *Moore* sought compensatory and punitive damages against each of the defendants. The United States Court of Appeals for the Sixth Circuit found that taken as a whole, the complaint likely provided sufficient notice to the officers that they were being sued as individuals. *Id*. at 774. However, the Sixth Circuit ruled that "Moore's response to the officers' motion to dismiss clarified any remaining ambiguity: 'The individuals named are police officers who are being sued in their individual capacities for using excessive and unreasonable force while making an arrest of the Plaintiff on April 7, 1996.'" *Moore v. City of Harriman*, 272 F.3d at 773, 774.

The instant complaint is not analogous to the complaint in *Moore*. In the case at bar, Plaintiff has failed to specify in his complaint that he was suing the Defendants as individuals, rather than in their official capacity. Indeed, all but one of the Defendants are identified in the style of the case with their official title and in the statement of the claim by their title or as "maintenance department" (Court File No. 3). Although Plaintiff does seek monetary damages, and the request for monetary damages is one factor that might place an individual on notice that he is being sued in his individual capacity, that alone is insufficient to place an official on notice that he is being sued in his individual capacity.

*See Shepherd v. Wellman*, 313 F.3d 963, 969 (6th Cir. 2002)("Although *Moore* recognizes that the request for monetary damages is one factor that might place an individual on notice that he is being sued in his individual capacity, we do not read that case as holding that a request for money damages is alone sufficient to place a state official on notice that he is being sued in his individual capacity"). Thus, absent any clear indication in the complaint that the Defendants are being sued in their individual capacities, the Court must assume they are being sued in their official capacities. *Id.* at 772.

A claim against Defendants in their official capacities is treated as being an action against the governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Barber v. City of Salem, Ohio*, 953 F.2d 232, 237 (6th Cir. 1992). Because Defendants have been sued only in their official capacity as employees of the State, the Court must proceed as if Plaintiff has in fact sued the State.

Suing a state officer in his official capacity for damages is equivalent to suing the state itself, which is prohibited by the Eleventh Amendment. *See Wells*, 891 F.2d at 592. The Eleventh Amendment bars such suit unless the State has waived its immunity, *Welch v. Texas Dept. Of Highways and Public Transportation*, 483 U.S. 468, 472-473 (1987), or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity. *Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 65 (1989) (neither state nor its officials acting in their official capacities were "persons" under federal civil rights statute). Ford has not shown, nor does this Court find, that the State of Tennessee has waived its immunity or that Congress has exercised its power to override that immunity in this situation. The United State Supreme Court has ruled that

neither a state nor its officials acting in their official capacities are persons under § 1983. *Id.* at 71. Thus federal courts do not have subject matter jurisdiction over causes of actions against officers of a state being sued in their official capacity for damages. *See Cummings v. Wilkerson*, 134 F.3d 370 (6th Cir. Jan. 23, 1998), (unpublished table decision), available in 1998 WL 30803, at *1, (*citing Wells*, 891 F.2d at 593). Accordingly, since the Defendants are sued only in their official capacities, they are entitled to absolute immunity under § 1983 and to judgment as a matter of law.

## III. CONCLUSION

Because the Defendants are entitled to judgment as a matter of law, the complaint will be **DISMISSED** *sua sponte,* pursuant to 28 U.S.C. § 1915A.

An appropriate judgment will enter.

                                         */s/Harry S. Mattice, Jr.*
                                         HARRY S. MATTICE, JR.
                                         UNITED STATES DISTRICT JUDGE